BURLEIGH A. RANDOLPH, District Attorney, LaCrosse County *Page 91 
I am in receipt of your recent letter regarding bomb scares and other harrassing phone calls. You indicate the following:
"Harrassing and obscene phone calls have long been a difficult problem to solve. . . . . Recently, the fad is to make phony bomb scare phone calls. . . . The telephone company does have a device which they refer to as the `called party control device' by which the person receiving the call can lock in the telephone circuits. When this is accomplished the phone company can very quickly trace back to the source of the call. It should be understood that this device does not involve the interception or recording of any communication whatsoever. In addition, not only is the device installed with the consent of the party, but it is not operable unless the party receiving the call activates it."
You ask whether the use of the "called party control device" by the communications common carrier, and with the consent of the receiving party to the call, would be in violation of any state or federal law. The answer is in the negative.
Chapter 427, Laws of 1969, states the relevant Wisconsin law. Chapter 427 is nearly identical to Title III of the Federal Crime Control and Safe Streets act of 1968. Section 968.27 (3), Stats., defines the term intercept as it is used in ch. 427, Laws of 1969:
"(3) `Intercept' means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical or other device."
Since the "called party control" device does not "intercept" the contents of the wire communication, the use of such a device is not prohibited by sec. 968.31 (1), Stats., which provides:
"INTERCEPTION AND DISCLOSURE OF WIRE OR ORAL COMMUNICATIONS PROHIBITED. (1) Except as otherwise specifically provided in ss. 968.28
to 968.30, whoever commits any of the acts enumerated in this section may be fined not more than $10,000 or imprisoned not more than five years or both:" *Page 92 
There is a second reason why the use of the called party control device is not prohibited by Wisconsin or federal law. Section 968.31 (2) (c), Stats., provides:
"(2) It is not unlawful under this chapter:
"(c) For a person not acting under color of law to intercept a wire or oral communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the constitution or laws of the United States or of any state or for the purpose of committing any other injurious act."
Since one of the parties to the telephone call must give his permission to have the device installed, and must in fact activate the "called party control device," the provisions of sec. 968.31 (2) (c), Stats. apply.
In short, the use of the "called party control device" is both a reasonable and legal tool in order to attempt to put an end to bomb scare and other harrassing telephone calls.
RWW:PAP